## White v. White

No. 42527          January 21, 1963          148 So. 2d 717

*William B. Jones, George M. Simmerman*, Pascagoula, for appellant.

*Merle F. Palmer,* Pascagoula, for appellee.

JONES, J.

On June 23, 1960, a decree was entered by the Chancery Court of Jackson County granting to the appellant a divorce and giving to his wife, the appellee, alimony in the amount of $10 per week. The June term of court adjourned and on July 26, 1960, appellant filed a petition to modify the decree on the grounds that the alimony should have been $10 per month rather than $10 per week. The decree showed it was approved by the attorneys for both parties and it shows that a line was drawn through the word "month" and "week" written. Appellant did not press his petition to modify and on June 1, 1961, the appellee filed a citation asking that appellant be cited for failure to pay in accordance with the decree. Answer was filed by appellant, stating that the $10 per week was erroneous because the agreement was that the alimony was to be $10 per month. After a hearing on July 7, 1961 on the petition for citation, the chancellor found that the appellant was not in contempt, that the total amount due under the decree for alimony at $10 per week was $500, and that he was in default $100. He was ordered to pay the $100 in a manner prescribed by the court. The case was appealed here, briefs were filed, and on January 7, 1963, the date

the case was submitted for hearing, there was filed in the papers an affidavit by the attorney for the appellee in which it is stated:

"When the original case was heard, both parties appeared in open court with their solicitors and a conference was had between the undersigned and George S. Simmerman as to a disposition of the property rights and alimony between the parties. As to the alimony feature, it was agreed between Merle F. Palmer and George S. Simmerman that the amount of alimony to be paid was ten dollars ($10.00) per month; and the undersigned personally submitted this agreement to Mr. White, the appellant, who approved the same. It is agreeable with the appellee for the Decree to be modified or changed as the Court sees fit to make the payments of appellant ten dollars ($10.00) per month instead of ten dollars ($10.00) per week."

(Hn 1) This agreement effectively disposes of this appeal. The appellant was asking that the original decree be amended to show $10 per month instead of $10 per week, and with the original decree corrected to this extent, the later order on the citation for contempt adjudging that the appellant was $100 in arrears is manifestly erroneous.

In accordance with the agreement of the parties, we are amending the decree of June 23, 1960, to provide that the alimony shall be $10 per month rather than $10 per week, and we are reversing as to the order adjudging the appellant to be $100 in default. Because this matter is something of which the chancery court will have continuing jurisdiction, we are remanding the case to the Chancery Court of Jackson County for such further action, if any, that it may hereafter take, not inconsistent with this decision.

Reversed and remanded.

*McGehee, C. J., and Kyle, Ethridge and McElroy, JJ.,* concur.